# MEMORANDA

# CASES NOT REPORTED IN FULL.

## THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* LIZZIE ELLEN WIGGINS, APPELLANT.

*Evidence — trial upon an indictment for larceny — when the person from whom the property was taken need not be produced, to show that the property was taken without her consent — what is sufficient evidence of the identity of the person from whom it was taken, with the person charged to be the owner in the indictment.*

APPEAL from a judgment, entered in the Court of General Sessions of the county of New York, by which the defendant was convicted of the crime of larceny from the person and sentenced to imprisonment in the New York penitentiary for the term of five years.

The court at General Term said : " By the indictment the defendant was charged with having feloniously stolen from the person of Catharine Curtis, treasury notes, bank notes and coin amounting to the sum of about twenty-one dollars and fifty cents ; and for the purpose of proving the truth of the charge it was shown that she had taken from a reticule in a lady's hand in Macy's store a pocket-book containing ten dollars in bills and one dollar and ten cents in silver. This was taken apparently without the knowledge of the person having the reticule, and upon her detection, which immediately succeeded the taking, the conduct of the defendant was such as must have led the jury to the conclusion that she intended to steal the pocket-book and its contents. The person charged by the indictment to have been the owner of the property was not produced as a witness upon the trial, and substantially because of the absence of her testimony that the pocket-book had not been taken against her will, it was objected that the evidence was so deficient as not to justify a conviction of the defendant. But it was not necessary for this purpose that this person should be produced as a witness upon the trial, for the facts that the property was taken

without her consent and that the defendant intended to steal it could be established by the circumstances appearing to have attended the taking if they were sufficient, as they appear to have been, to convince the jury beyond a reasonable doubt that they were as they had been alleged to be in the indictment. The law does not require for either of these purposes that the person whose property may have been stolen shall be produced and sworn as a witness. (2 Bishop's Crim. Pro. [3d. ed.], § 752.)

"Even where it has been required to be stated as an attribute of the offense that the act was committed without the consent of the owner of the property, it has still been held that this want of consent could be inferred from the circumstances attending and following the commission of the act.

"*Rex* v. *Hazy* (2 Car. & P., 458). In this case the indictment was for lopping and topping an ash tree without the consent of the owner. And the rule already stated was held to be properly relied upon to justify a conviction although the owner himself was not produced as a witness in the case.

"*Rex* v. *Allen* (1 Moody C. C., 154), is precisely the same in its effect. There the charge was that the prisoner had killed a deer without the consent of the owner, and upon a case reserved it was held by the twelve judges that a conviction was rightly had without calling the owner to prove the want of consent.

"It was further objected that it was not shown that the person from whom the pocket-book was taken was the Catharine Curtis named in the indictment. But it appeared that she gave that as her name in the store after the defendant had been detected in taking the pocket-book, and also swore to it before the committing magistrate; and her son-in-law who identified the pocket-book to be the same as the one which had been taken and was produced upon the trial, testified that he gave it to her, and saw it in her possession on the day on which it was taken. It may have been true that she gave this pocket-book to some other person, and that it was taken from the possession of that person by the defendant, as her counsel has argued the fact to be, but a mere possibility of this nature is not sufficient to justify the conclusion that the question of the identity of this individual with the person named in the indictment was not a proper one for the consideration and decision of the

jury.   The prosecution were not bound to prove beyond the possibility of doubt that she was the person mentioned in the indictment, but evidence from which that could be inferred to be the fact beyond a reasonable doubt was all that the law required.   The identity of the name itself was quite decisive as to the identity of the person. (*People ex rel. Haines* v. *Smith* 45 N. Y., 772, 779.)

" And that together with the other evidence in the case left no reasonable ground from which it could have been supposed that the Catharine Curtis named in the indictment was any other or different person than that of the person from whose possession the property had been taken in the store."

*William F. Howe*, for the appellant.

*A. J. Requier*, for the respondent.

Opinion by DANIELS, J.; BRADY, P. J., concurred.

Present — BRADY, P. J., and DANIELS, J.

Judgment affirmed.